UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| BRUCE EDGAR SMITH,<br><br>Petitioner,<br><br>vs.<br><br>SOUTH DAKOTA BOARD OF PARDONS AND PAROLES; ALEJANDRO REYES,<br><br>Respondents. | 3:25-CV-03003-ECS<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE |

Petitioner, Bruce Edgar Smith, an inmate at Mike Durfee State Prison, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. The matter was referred to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and the District of South Dakota's Civil Local Rule of Practice 72.1.A.2(b), which designate to the magistrate judge the duty to prepare proposed findings and recommendations for the disposition of habeas petitions. On April 4, 2025, Magistrate Judge Mark A. Moreno submitted a report and recommended that Smith's petition be dismissed as a second or successive habeas petition or, in the alternative, transferred to the United States Court of Appeals for the Eighth Circuit. Doc. 13 at 2–3. Magistrate Judge Moreno also recommended that Smith's other pending motions be denied as moot. Id. at 3. Smith timely filed objections to the report and recommendation. Doc. 15.

## STANDARD OF REVIEW

This Court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636(b)(1). The Court reviews de novo any objections to the magistrate judge's recommendations as to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1); Thompson v. Nix, 897 F.2d 356, 357–58 (8th Cir. 1990) (per curiam). In

conducting its de novo review, this Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## DISCUSSION

In his objections to the magistrate judge's report and recommendation, Smith does not dispute that he did not obtain leave from the United States Court of Appeals for the Eighth Circuit before filing the pending petition for writ of habeas corpus. See generally Doc. 15. Rather, Smith seems to contend, without citation to any authority, that he is permitted to file another petition for writ of habeas corpus[1] simply because he did not know about the statutes he is relying on in the pending habeas petition until two years ago. Doc. 5 at 4, 5. But the magistrate judge correctly noted that "[i]nadvertence to a statute is no justification for circumventing the restriction on successive applications." Doc. 13 at 2. Smith's objections could be reasonably interpreted to contend that the report and recommendation misconstrues the nature of the grounds for relief set forth in the pending habeas petition. Doc. 15 at 2. This objection is overruled. Smith contends that he was illegally arrested and detained pursuant to a Fugitive from Justice Warrant because no Governor's Warrant was ever issued. See, e.g., Doc. 5 at 4–6; Doc. 10 at 1–2, 4. As a result, according to Smith, his subsequent conviction and incarceration are illegal. Id. The report and recommendation accurately states that Smith claims "that an alleged illegal arrest in 1997 warrants 'throw[ing] out his convictions.'" Doc. 13 at 1 (quoting Doc. 10 at 4); see also id. at 2 ("The gravamen of Smith's fourth petition is that he was

---

[1] The pending petition for writ of habeas corpus is the fourth § 2254 petition Smith has filed challenging his 1997 conviction for statutory rape and sexual contact with a minor. See Smith v. Young, No. 17-CV-05011, 2017 WL 2124426, at *1 (D.S.D. Feb. 22, 2017) (discussing Smith's previous habeas petitions).

unlawfully arrested in 1997, which tainted any state criminal proceeding afterward—including his conviction.").

The report and recommendation accurately sets out the relevant law regarding successive habeas petitions. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Because Smith has not obtained permission from the Eighth Circuit to file a successive § 2254 petition in this Court, this Court does not have jurisdiction to consider Smith's habeas petition. Burton v. Stewart, 549 U.S. 147, 153, 157 (2007) (per curiam). Accordingly, for the reasons stated herein, it is

ORDERED that the magistrate judge's report and recommendation, Doc. 13, is adopted in full, and Smith's objections, Doc. 15, are overruled. It is further

ORDERED that Smith's petition for writ of habeas corpus, Docs. 1, 5, is dismissed without prejudice because Smith has not obtained permission from the United States Court of Appeals for the Eighth Circuit to file a successive writ of habeas corpus in accordance with 28 U.S.C. § 2244(b)(3)(A). It is further

ORDERED that Smith's other motions, Docs. 2, 7, 11, 18, 19, 21, 27, and 37, are denied as moot. It is finally

ORDERED that no certificate of appealability will issue because Smith has not made a

substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(b)(2).

Dated this 13th day of November, 2025.

BY THE COURT:

*Eric Schulte*

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE