UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| BRUCE EDGAR SMITH,<br><br>　　　　　　　Petitioner,<br><br>vs.<br><br>SOUTH DAKOTA BOARD OF PARDONS AND PAROLES; ALEJANDRO REYES,<br><br>　　　　　　　Respondents. | 3:25-CV-03003-ECS<br><br>ORDER DENYING PETITIONER'S RULE 60(b) MOTION AND RELATED MOTIONS |

　　　　Petitioner, Bruce Edgar Smith, an inmate at Mike Durfee State Prison, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. The matter was referred to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and the District of South Dakota's Civil Local Rule of Practice 72.1.A.2(b), which designate to the magistrate judge the duty to prepare proposed findings and recommendations for the disposition of habeas petitions. Magistrate Judge Mark A. Moreno submitted a report and recommended that Smith's petition be dismissed as a successive habeas petition or, in the alternative, transferred to the United States Court of Appeals for the Eighth Circuit. Doc. 13 at 2–3. This Court overruled Smith's objections and dismissed without prejudice Smith's petition for writ of habeas corpus as a successive habeas petition. Docs. 43, 44. No certificate of appealability was issued because Smith did not make a substantial showing of the denial of a constitutional right. Doc. 43 at 3–4.

　　　　Smith filed a notice of appeal from the judgment dismissing his petition for writ of habeas corpus. Doc. 46. The Court granted Smith's motion for leave to proceed in forma pauperis on appeal. Doc. 49. After the Court granted Smith's motion for leave to proceed in pauperis on appeal, Smith filed various motions that appear to be an attempt to file a complaint

alleging claims in this habeas proceeding for compensatory and punitive damages under 42 U.S.C. § 1983 against various defendants arising of his 1997 arrest. See Docs. 54, 56, 57, 58, 59, 60, 61, 67, 68.

I.      **Procedural Background**

Following a 1997 jury trial in Lawrence County, South Dakota, Smith was found guilty of eighteen counts of forcible rape[1] and sentenced to 18 terms of twenty (20) years each with five of those sentences to be consecutive and the remainder to be concurrent. State v. Smith, 599 N.W.2d 344, 347–48 (S.D. 1999). The South Dakota Supreme Court affirmed Smith's conviction. Id. at 355. Since his state-court conviction, Smith has filed numerous cases in the District of South Dakota. To provide context for Smith's pending motions in this case, the Court summarizes Smith's filing.

A.      **Smith's Habeas Petitions**

Smith has filed in the District of South Dakota four petitions for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 1997 conviction. Smith's first petition for writ of habeas corpus challenging his 1997 conviction was filed in 2000. Smith v. Weber, 5:00-CV-05110-KES (D.S.D.). That petition was considered on the merits and denied on March 1, 2001. Id. at Doc. 8. Smith did not object to the magistrate judge's report and recommendation that his habeas petition be denied. Id. No certificate of appealability was issued, id., and Smith did not request that the Eighth Circuit issue a certificate of appealability under 28 U.S.C. § 2253(c)(1).

Smith filed a second habeas petition on June 13, 2012. Smith v. Weber, 4:12-CV-04103-KES (D.S.D. 2012). Because Smith made no showing that he had received permission from the

---

[1] After the jury trial, Smith was adjudicated a habitual offender in a court trial. Smith, 599 N.W.2d at 348.

Eighth Circuit Court of Appeals to file a second or subsequent habeas petition, the second habeas petition was dismissed. Id. at Doc. 6. Smith appealed the dismissal of his second habeas petition to the Eighth Circuit, id. at Doc. 7, and the Eighth Circuit summarily affirmed the dismissal of Smith's second habeas petition, id. at Doc. 11.

Smith filed a third habeas petition on February 10, 2017. Smith v. Young, 5:17-CV-05011-KES (D.S.D.). Again, Smith made no showing that he had received permission from the Eighth Circuit to file a second or successive petition, and his third habeas petition was dismissed for lack of subject matter jurisdiction. Id. at Doc. 22. No certificate of appealability issued, id., and Smith did not appeal the judgment dismissing his third habeas petition. However, Smith did attempt to file an interlocutory appeal from the magistrate judge's report recommending that his third habeas petition be dismissed as a second or successive habeas petition, id. at Doc. 6, but the Eighth Circuit dismissed Smith's interlocutory appeal for lack of jurisdiction, id. at Doc. 19.

This is Smith's fourth habeas petition and it was filed on February 18, 2025. Doc. 1. Additionally, on November 5, 2025, Smith commenced a mandamus proceeding to "set things straight" as it pertains to his fourth petition for writ of habeas corpus. Smith v. S.D. Bd. of Pardons & Paroles, 4:25-CV-04214-ECS (D.S.D.), Doc. 1 at 1. In the mandamus proceeding, Smith filed nearly identical motions to the motions now pending in this habeas proceeding attempting to allege claims for compensatory and punitive damages under § 1983 against various defendants arising out of his 1997 arrest. Id. at Doc. 13 (motion for relief under Rule 60(b)); Doc. 24 (motion for joinder); Doc. 25 (motion to amend); see also id. at Docs. 10, 14, 15, 16, 17, 18 (civil complaint and supplements).

### B.     Smith's pro se § 1983 Complaints

In addition to four habeas petitions, while incarcerated, Smith has filed eleven civil actions in the District of South Dakota. Smith v. Dep't of Corrs., 4:01-CV-4193-LLP; Smith v. DOC, 4:08-CV-04187-LLP; Smith v. Stobbe, 4:10-CV-04053-KES; Smith v. Davidson, 4:12-CV-04105-KES; Smith v. Young, 4:13-CV-041390-KES; Smith v. Young, 4:16-CV-04014-LLP; Smith v. Brown, 4:17-CV-04156-LLP; Smith v. United States Marshals, 4:18-CV-04016-LLP; Smith v. Boysen, 4:21-CV-04186-LLP; Smith v. Neill, 4:21-CV-04196-LLP; Smith v. United States Marshells [sic], 5:16-CV-05083-KES. He also filed a civil action in state court that was removed to the District of South Dakota because he alleged claims under 42 U.S.C. § 1983. Smith v. Barnett, 4:20-CV-04066-LLP. Section 1915(g) of the Prison Litigation Reform Act provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). At least three of Smith's previous cases were dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted. Smith, 5:16-CV-05083-KES at Doc. 8 at 5. Thus, Smith is a barred filer under § 1915(g) and cannot bring a civil action, including one seeking damages under 42 U.S.C.§ 1983, unless he pays the full civil filing fee or demonstrates that he is "under imminent danger of serious physical injury."

## II.     Discussion and Analysis

### A.     Smith's Rule 60 Motion for Relief from Final Judgment (Doc. 56)

After he filed a Notice of Appeal, Smith filed a Rule 60(b) motion. Doc. 56. Thus, the Court must first consider whether it has jurisdiction to consider Smith's Rule 60(b) motion. The United States Court of Appeals for the Eighth Circuit has instructed that "'a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district o[f] its control over those aspects of the case involved in the appeal.'" Liddell v. Bd. of Educ., 73 F.3d 819, 922 (8th Cir. 1996) (quoting Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982)). But the Eighth Circuit has held that a district court may consider a Rule 60(b) motion on the merits and deny it even if an appeal is already pending in the Eighth Circuit. Hunter v. Underwood, 362 F.3d 468, 475 (8th Cir. 2004). Although Smith's Notice of Appeal, Doc. 46, was filed before his Rule 60(b) motion, Doc. 56, this Court has jurisdiction to consider the merits of Smith's Rule 60(b) motion, and the motion is denied.

Smith requests that the Court grant his "Rule 60 Motion to Now tie into this Habeas/1983 Civil Rights cases these past Ruled on, Orders issued, Judgments issue cases that directly tie into these Habeas/1983 Civil Rights cases" based on the evidence that he has presented in support of his fourth habeas petition and petition for writ of mandamus proceeding. Doc. 56 at 1. Smith contends that he was arrested on February 15, 1997, in New Mexico pursuant to a fugitive from justice charge issued by the State of South Dakota and remained in custody in New Mexico until he was returned to South Dakota on May 1, 2017. Id. at 2. Because no Governor's Warrant of Arrest was issued under SDCL § 23-24-8, Smith contends that his constitutional rights were violated. Id. at 2–3. Although Federal Rule of Civil Procedure 60(b) gives a district court

authority to relieve a party from a final judgment in certain limited circumstances, Rule 60(b) does not give a district court authority in a habeas proceeding to relieve the petitioner from final judgments entered in other actions. Smith's Rule 60(b) motion, Doc. 56, seeks to assert § 1983 claims in this habeas proceeding.[2] It is well established that a habeas petition and civil complaint cannot be combined in one lawsuit. Petitions for habeas corpus and § 1983 complaints are "mutually exclusive." Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006). Claims under § 1983 "must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements." Nelson v. Campbell, 541 U.S. 637, 643 (2004). Section 1983 claims are not consolidated with habeas petitions because of "the risk of confusion of the issues inherent in consolidation of the habeas and civil rights cases[.]" Malone v. Calderon, 165 F.3d 1234, 1236–37 (9th Cir. 1999). Further, different rules and procedures govern habeas petitions and civil rights claims. See Rules Governing Section 2254 Cases and Rules Governing Section 2255 Proceedings. Finally, because the filing-fee provisions of the Prisoner Litigation Reform Act (PLRA) do not apply to habeas corpus actions, see Malave v. Hedrick, 271 F.3d 1139, 1140 (8th Cir. 2001) (per curiam), Smith's attempt to file a § 1983 complaint in this habeas proceeding seems to be for no purpose other than to avoid having to pay the full civil filing fee because he is a barred filer. For these reasons, Smith's Rule 60(b) motion, Doc. 56, is denied.

B.     **Smith's Motion for Joinder and Motion to Amend (Docs. 67, 68)**

Smith seeks leave to amend his petition for writ of habeas corpus to assert civil rights damage claims against various defendants arising out of his 1997 arrest. Doc. 68. He also moves to join his civil rights claims in this case with his civil rights claims in previously

---

[2] Along with his Rule 60(b) motion, Doc. 56; Smith filed a complaint, Doc. 57; four supplements to the complaint, Docs. 58, 59, 60, 61; a motion for leave to proceed in forma pauperis, Doc. 54; and a brief in support of his civil rights complaint, Doc. 53.

dismissed cases, including Smith v. United States Marshals, No. 5:16-CV-05083 (D.S.D.). Doc. 67. Along with these motions and his civil rights complaint and supplements, Docs. 57–61, Smith filed a motion for leave to proceed in forma pauperis. Doc. 54. Because Smith's motion for leave to proceed in forma pauperis was filed on the same date as his proposed civil rights complaint, compare Doc. 54 with Doc. 57, and after this Court granted Smith's motion for leave to proceed in forma pauperis on appeal, see Doc. 49, the Court understands Smith's pending motion for leave to proceed in forma pauperis to relate to his proposed civil rights complaint.

Because Smith's motion to amend, motion for joinder, and motion to proceed in forma pauperis, Docs. 54, 67, 68, were filed after Smith appealed the judgment dismissing this habeas action, this Court does not have jurisdiction to consider Smith's motions. See Liddell, 73 F.3d at 922. But even if the Court had jurisdiction to consider these motions, these motions would be denied for the same reasons that Smith's Rule 60(b) motion is denied.

### III.   Conclusion

Accordingly, for the reasons discussed above, it is

ORDERED that Smith's Rule 60(b) motion for relief from final judgment, Doc. 56, is denied.  It is further

ORDERED that Smith's motion for joinder, Doc. 67, motion to amend, Doc. 68, and motion for leave to proceed in forma pauperis to assert civil rights claims, Doc.54, are denied because Smith's notice of appeal deprives this Court of jurisdiction to consider these motions.

Dated this 14th day of January, 2026.

BY THE COURT:

_____
ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE